UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEAN HENDERSON, as next friend of and for CHRISTOPHER DEVONTE HENDERSON, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-02052 |
| | § § | JURY DEMANDED |
| HARRIS COUNTY, TEXAS; and ARTHUR SIMON GARDUNO, | § § § | |
| Defendants. | § § | |

**PLAINTIFF'S COUNSEL'S STATUS REPORT REGARDING MEDICAL COMPETENCY OF CHRISTOPHER HENDERSON AND PLAINTIFF'S COUNSEL'S STATUS AS COUNSEL OF RECORD**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff's counsel files this status report in accordance with the court's instruction at the September 28, 2018 scheduling conference, and the court's subsequent minute entry. Plaintiff's counsel, prior to suit being filed, had a written agreement with Jean Henderson, as next friend for Christopher Henderson, who Plaintiff's counsel understands to be Christopher Henderson's legal and biological grandmother. It is also Plaintiff's counsel's understanding that Jean Henderson raised Chris since the time he was approximately 4 years of age, and that she is the person designated by the Social Security Administration to receive, hold in trust, and/or manage for Chris benefit funds he receives from the Administration. Plaintiff's counsel understands that there was a determination shortly before Chris turned 18 years of age that he would be unable to handle such funds, and that Jean Henderson would be the person best suited to manage Social Security funds received for Chris's benefit. Plaintiff's counsel entered into an agreement with Ms. Henderson as

a result of this knowledge and, in addition, Chris's inability to communicate at all due to the severe traumatic brain injury he suffered as a result of Defendant Deputy Garduno Tasing Chris. Chris was in the hospital at the time and unable to communicate at all with Plaintiff's counsel due to what Plaintiff's counsel understood to be an induced coma.

After the court's instruction at the scheduling conference, Plaintiff's counsel communicated with Chris and ultimately secured a written and signed representation agreement with Chris. That agreement authorizes Plaintiff's counsel to prosecute claims in this lawsuit on Chris's behalf. Plaintiff's counsel also consulted with a guardianship attorney and ultimately an appropriate physician. The physician was to conduct an examination of Chris to determine whether the physician believed that Chris was able to effectively communicate with Plaintiff's counsel regarding issues related to Chris's claims in this lawsuit, and moreover whether Chris was sufficiently competent to communicate with Plaintiff's counsel regarding Chris's claims.

Plaintiff's counsel received a written report from the physician, after office hours on Sunday, November 18, 2018. The report indicates, among other things, that Chris is incapacitated as defined in a relevant portion of the Texas Estates Code, is unable to initiate and make responsible decisions regarding complex business, managerial, and financial issues, and has suffered permanent impairment as a result of the severe traumatic brain injury.

On Monday, November 19, 2018, Plaintiff's counsel emailed and left a message for the above-referenced guardianship attorney. Plaintiff's counsel left another message for the guardianship attorney at his office on Tuesday, November 20, 2018. Plaintiff's counsel assumed that the guardianship attorney was likely out of town for the Thanksgiving holiday. Plaintiff's counsel then called the guardianship attorney again on the morning of November 27, 2018, and Plaintiff's counsel was able to discuss the guardianship issue with the attorney. The guardianship

attorney will seek to have Chris's grandmother, Jean Henderson, designated as Chris's guardian. Plaintiff's counsel understands that the proceeding can take some time, especially considering the upcoming holidays and the status of Houston courts as a result of the recent hurricane. While Plaintiff's counsel is uncertain as to the length of time the guardianship proceeding will take, Plaintiff's counsel understands that guardianship proceedings take, on average, approximately two months. However, according to the guardianship attorney, the length of time the guardianship proceeding will take depends much on how quickly the *ad litem,* to be appointed by the court, is able to apprise himself or herself of all necessary issues.

The court signed a scheduling order pursuant to the parties' agreement. However, as a result of the court's instruction to file this status report, and the court's indication that it would not rule on the pending motion to dismiss unless and until issues related to Chris's capacity and Plaintiff's counsel's representation of him were resolved, Defendants' counsel has been generally unwilling to provide responsive items and information with Defendants' initial disclosures and/or schedule depositions.

Defendant's counsel has also requested more than one extension to respond to Plaintiff's counsel's written discovery requests. As of this writing, Plaintiff's counsel has not received responses to those written discovery requests. Plaintiff's counsel provides this information not to fault Defendants or their counsel, but simply to inform the court that Plaintiff's counsel's prosecution of claims in this case has been delayed as a result. Further, Defendants' lead counsel has been elected to serve on a Houston court of appeals and will presumably be filing a motion for substitution of counsel. While Plaintiff does not currently seek modification of the scheduling order, as a result of these delays, such a request might be forthcoming.

Plaintiff's counsel requests a status conference with the court, so that the parties can be informed as to how the court will instruct the parties to proceed regarding scheduling issues and conducting discovery. Plaintiff's counsel is ready, willing, and able to proceed with discovery and other necessary work on the case, but the parties need the court's instruction so that such discovery can occur in a timely and expeditious manner.

/s/ T. Dean Malone
T. Dean Malone
Attorney-in-charge
Texas State Bar No. 24003265
Southern District of Texas Bar No. 37893
Law Offices of Dean Malone, P.C.
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone:   (214) 670-9989
Telefax:        (214) 670-9904
dean@deanmalone.com

Of Counsel:

Michael T. O'Connor
Texas State Bar No. 24032922
Southern District of Texas Bar No. 37991
Law Offices of Dean Malone, P.C.
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone:   (214) 670-9989
Telefax:        (214) 670-9904
michael.oconnor@deanmalone.com

CERTIFICATE OF SERVICE

    I hereby certify that on November 27, 2018 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a notice of electronic filing to the following attorneys:

Julie Countiss
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002

                                      /s/ T. Dean Malone